FILED
August 09, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002840116

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

REGENCY CABINETS, INC.,

Debtor.

NO: 09-92782-E-7

DC No.: SLF 4

**MOTION FOR AUTHORIZATION TO SELL VEHICLES AT PUBLIC AUCTION**

Date: September 8, 2010
Time: 10:30 a.m.
Place: Department E
The Honorable Ronald H. Sargis

MOTION FOR AUTHORIZATION TO SELL
THE ESTATE'S INTEREST IN VEHICLES         1
AT PUBLIC AUCTION

Chapter 7 Trustee Gary R. Farrar respectfully moves for authorization to sell four vehicles (the "Vehicles") at public auction. The Trustee believes the proposed sale of the Vehicles is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

The Trustee represents the following:

1. On September 1, 2009, the Debtor filed this case under Chapter 11 and on May 5, 2010, it was converted to Chapter 7. Gary R. Farrar was appointed Chapter 7 Trustee.

2. The Debtor scheduled the Vehicles as follows:

   a. 2003 Van, which the Debtor valued at $3000.00.
   b. 2003 25 foot International delivery truck with 100,000+ miles, which the Debtor valued at $10,000.
   c. Two 2003 25 foot Chevrolet C-7500 delivery trucks each with 100,000+ miles, and each of which the Debtor valued at $10,000.

3. The Vehicles are stored at Ernst & Associates Auctioneers, Inc. (Farrar Decl., ¶ 3).

4. The Debtor did not schedule any liens against the Vehicles and the Trustee is unaware of any liens. (Farrar Decl., ¶ 4).

## SALE OF THE PROPERTY AT PUBLIC AUCTION

5. The Trustee believes, based on his knowledge and on Ernst' evaluation of the Vehicles, that there is equity in the Vehicles and a sale of the Vehicles at public auction is the best method of liquidating them for the benefit of the estate. (Farrar Decl., ¶ 5).

6. The Trustee is filing, concurrently with this motion, an application to employ Ernst.

7. The Trustee believes that by using an auction process, the Vehicles will be exposed to a large number of prospective purchasers and, for that reason, will likely be sold for the best possible price. Ernst engages in extensive advertising, including highway billboards,

television, and newspaper advertising, and it mails advertising brochures to its subscriber list of approximately 6000 people. (Farrar Decl., ¶ 6).

8. If the Court approves this Motion, the Trustee intends to sell the Vehicles at public auction at Ernst's first available auction date. The Vehicles will be sold on an "AS IS" basis without any warranty. The proposed public sale will be held on the first available Saturday after the Court approves this motion, at 9:00 a.m. at Ernst, located at 824 Kiernan Avenue, Modesto, California 95356. Interested persons may inspect the Vehicles at Ernst on the Friday preceding the sale between 9:00 a.m. and 4:00 p.m. Information regarding the sale or subsequent sale dates, if any, may be obtained by telephoning Ernst, at (209) 527-7399. (Farrar Decl., ¶ 7).

9. The Trustee intends to accept the highest reasonable bid. If, in the exercise of the Trustee's business judgment, no reasonable bid is received, the Vehicles may be held for subsequent auction or private sale without additional notice. (Farrar Decl., ¶ 8).

10. The Trustee believes the sale of the Vehicles at a public auction is in the best interests of the creditors because it is likely to obtain the best possible price and should be approved by the Court under Bankruptcy Code Section 363. (Farrar Decl., ¶ 9).

## AUCTIONEER COMPENSATION

11. As is noted in the accompanying application to employ Ernst, the Trustee requests authorization to pay Ernst a 15 percent commission and to reimburse Ernst for reasonable expenses directly from the proceeds of sale, and for Ernst to collect a 12 percent buyer's fee directly from the buyer. The Trustee believes that this is a customary practice for the auction sale of personal property and one which encourages the use of auction professionals to assist with bankruptcy sales of property. The Trustee will file a report of the sale with the Court. (Farrar Decl., ¶ 10).

## CONCLUSION

The Trustee respectfully requests that the Court authorize the sale of the Vehicles at public auction on the terms and conditions set forth in this Motion, approve the compensation of the auctioneer on the terms and conditions set forth in this Motion (15 percent seller's

MOTION FOR AUTHORIZATION TO SELL
THE ESTATE'S INTEREST IN VEHICLES     3
AT PUBLIC AUCTION

commission, reimbursement of reasonable expenses, and 12 percent buyer's fee), and that it grant such other and further relief as is appropriate.

Dated: August 9, 2010

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee
GARY R. FARRAR